UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GILBERTO ORTIZ GONZALEZ,

               Plaintiff,

  -against-

CAFE VENEZIA CORP., SHAUL
ASHKENAZI, and MOSHE DAHAN,

               Defendants.
-----------------------------------------------------------X

Case No.: 16-cv-275

**FLSA COMPLAINT**

Plaintiff, Gilberto Ortiz Gonzalez, ("Plaintiff"), by and through his undersigned attorneys, Hernandez & Paulonis, P.C., files this Complaint against defendants, Cafe Venezia Corp., or any other business entity doing business as Cafe Venezia, located 1391 Coney Island Avenue, Brooklyn, New York 11230 (herein, "Cafe Venezia"), and Shaul Ashkenazi and Moshe Dahan, individually, (collectively referred to herein as the "Defendants"), and state the following.

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) compensation for misappropriated tips; (4) liquidated damages; (5) prejudgment and post-judgment interest; and, (6) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime

[1]

compensation; (3) compensation for misappropriated tips; (4) unpaid spread of hours premiums; (5) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (6) pre-judgment and post-judgment interest; and, (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Richmond County, New York.

6. Defendant, Cafe Venezia Corp. is a domestic corporation, organized and existing under the laws of the State of New York, with a principal place of business located at 1391 Coney Island Avenue, Brooklyn, New York 11230.

7. Upon information and belief, Defendant, Shaul Ashkenazi, is an owner, officer, director and/ or managing agent of Cafe Venezia, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Cafe Venezia and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with Cafe Venezia.

8. Upon information and belief, Defendant, Moshe Dahan, is an owner, officer, director and/or managing agent of Cafe Venezia, whose address is unknown at this time and who

[2]

participated and continues to participate in the day-to-day operations of Cafe Venezia and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with Cafe Venezia.

9. Plaintiff Gilberto Ortiz Gonzlalez, was employed by the Defendants, in Kings County, New York, as a waiter, for Defendants' restaurant, from approximately February 2010 until on or about December 2015.

10. At all relevant times, Cafe Venezia was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Cafe Venezia.

12. At all relevant times, the Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

## STATEMENT OF FACTS

13. In or about February 2010, Plaintiff, Gilberto Ortiz, was hired by the Defendants to work as a waiter at Defendants' restaurant known as "Cafe Venezia", located at 1391 Coney Island Avenue, Brooklyn, New York.

14. Plaintiff continued to work for the Defendants in such capacity until approximately December 2015.

15. During his employment by Defendants, Plaintiff generally worked forty (40) to forty-four (45) hours per week. He was not paid proper wages. Plaintiff was not paid wages for all hours worked, and he worked for tips.

16. Defendants did not distribute all of the tips earned by plaintiff to the wait staff.

17. Plaintiff was given a false statement of his wages.

18. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage and overtime rate (of time and one-halt) or the New York State minimum wage and overtime rate (of time and one-halt) to Plaintiff for work performed.

19. Defendants paid Plaintiff for less hours than he actually worked.

20. Defendant, Shaul Ashkenazi, is an individual who, upon information and belief, owns the stock of Cafe Venezia, owns Cafe Venezia, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

21. Defendant, Moshe Dahan, is an individual who, upon information and belief, owns the stock of Cafe Venezia, owns Cafe Venezia, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

22. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time and pay records.

23. Defendants kept track of plaintiffs' hours and pay only during part of their employment.

24. Defendants never provided any written notice to plaintiffs and payroll records kept by defendants are believed to be incomplete and false.

## STATEMENT OF CLAIM

### COUNT I

**[Violation of the Fair Labor Standards Act)**

25. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "24" of this Complaint as if fully set forth herein.

26. At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, the Defendants employed Plaintiffs within the meaning of the FLSA.

27. Upon information and belief, at all relevant times, the Defendants had gross revenues in excess of $500,000.

28. Plaintiffs were entitled to be paid for all hours worked and at the rate of time and one-half the statutory minimum rate of pay for hours worked in excess of forty (40) hours each week.

29. At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked, minimum wages for all hours worked, and overtime compensation at the statutory rate of time and one-half to Plaintiffs.

30. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

31. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for their lawful wages, minimum wages, and overtime compensation, for hours worked when they knew or should have known such was due.

32. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

33. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs which may be in the possession and custody of the Defendants may be false as Plaintiff was not given an accurate statement of his hours and wages.

34. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

36. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, minimum wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

37. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

38. Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

39. Defendants were not and are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that Defendants were taking a "tip credit" in violation of the FLSA and New York Labor Law, and (ii) failed to pay tipped employees, including Plaintiffs, the proper minimum wage afforded to tipped employees, (iii) failed to provide proper wage statements informing tipped employees, including Plaintiffs, of the amount of "tip credit" taken for each payment

period; and (iv) misappropriated tips to themselves that should have been distributed to tipped employees.

40. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

## COUNT II

### [Violation of the New York Labor Law]

41. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

43. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiff wages for all hours worked; minimum wages; and overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

44. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations§ 142-2.4.

45. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants their unpaid wages; minimum wages; overtime wages; unpaid "spread of hours" premiums; misappropriated tips; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.,* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law§ 663(1).

[7]

## COUNT III

### [Statutory Penalties Pursuant to the
### New York State Wage Theft Prevention Act]

46. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

48. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages

49. Defendants did not provide Plaintiffs, with a written statement properly accounting for their actual hours worked, and setting forth his hourly rate of pay, regular wage, and/or overtime wages.

50. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

51. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

52. Plaintiffs, and similarly situated employees, were not provided with true and accurate wage statements as required by law.

53. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Gilberto Ortiz Gonzalez, respectfully request that this Court grant the following relief:

(a) An award of unpaid wages, minimum wages, overtime compensation and misappropriated tips due under the FLSA and New York Labor Law;

(b) An award of liquidated as a result of the Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(c) An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay wages pursuant to the New York Labor Law;

(d) An award of penalties for failing to comply with the annual and weekly notice requirements of the New York State Wage Theft Prevention Act;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and,

(g) Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
January 19, 2016

HERNANDEZ & PAULONIS, P.C.
943 4 Avenue
Brooklyn, NY  11232
Telephone:   (646) 606-2190
Facsimile:   (347) 274-2888
*Attorneys for Plaintiff*
michaelpaulonis@gmail.com

By: _/s/ Michael S. Paulonis_
Michael S. Paulonis (MP-8987)